**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JHENSY SAILLANT, | : | Civil No. 1:20-CV-00609 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ANGELA HOOVER, *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

This is an immigration habeas corpus case under 28 U.S.C. § 2241 that was originally filed to challenge Petitioner Jhensy Saillant's ("Saillant") continued detention in light of the global COVID-19 pandemic and to assert that Saillant's continued detention without a bond hearing had become unconstitutionally prolonged. The court previously denied the petition to the extent that it was based on the COVID-19 pandemic and ordered supplemental briefing on the bond hearing issue. The court has received and reviewed that supplemental briefing. For the reasons that follow, the remainder of Saillant's petition is denied. Additionally, Saillant's motion to transfer the case is denied.

### PROCEDURAL HISTORY

Saillant initiated this case by filing a petition for writ of habeas corpus on April 13, 2020. (Doc. 1.) The petition alleged that Saillant's continued detention was unconstitutional because of the risks posed by COVID-19 and because he had

1

been detained for an unconstitutionally prolonged period without a bond hearing. (*Id.*) At the court's direction, the government filed an expedited response to the petition the next day. (Doc. 3.) The court then denied the petition to the extent that it was based on the COVID-19 pandemic on April 16, 2020 and ordered additional briefing on the issue of whether Saillant's detention had become unconstitutionally prolonged. (Docs. 4–5.) Saillant accordingly filed a supplement to his petition on May 15, 2020. (Doc. 6.) The government filed a supplemental opposition brief on May 29, 2020, and Saillant filed a reply brief on June 15, 2020. (Docs. 7–8.)

Subsequent to the conclusion of briefing on his petition, Saillant filed a motion to transfer the case to the United States District Court for the Northern District of Alabama, asserting that he has been transferred to a detention facility in that district. (Doc. 9.) Saillant did not file a brief in support of his motion to transfer, and the time for doing so has expired under Local Rule 7.5. Accordingly, both Saillant's petition and his motion to transfer are ripe for the court's resolution.

FACTUAL BACKGROUND OF SAILLANT'S DETENTION

Saillant is a native and citizen of Haiti who first entered the United States as a lawful permanent resident on December 8, 2011. (Doc. 3-1 at 6.) While in the United States, Saillant was convicted in separate incidents of simple assault, theft by deception, retail theft, disseminating explicit sexual material to a minor, and

identity theft.  (*Id.* at 6–7.)  He was taken into custody by United States Immigration and Customs Enforcement ("ICE") on February 6, 2018, and was subsequently charged as removable from the United States as an alien convicted of a crime involving moral turpitude.  (*Id.* at 7.)

An Immigration Judge ("IJ") ordered Saillant removed from the United States on February 1, 2019.  (*Id.*)  Saillant appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on June 19, 2019. (*Id.*)  Saillant filed a petition for review with the United States Court of Appeals for the Third Circuit on July 5, 2019, and that court denied the petition on April 7, 2020.  *See Saillant Att'y Gen. of U.S.*, 806 F. App'x 161 (3d Cir. 2020).  The Third Circuit has since granted Saillant's motion for extension of time in which to file a petition for rehearing, *see Saillant Att'y Gen. of U.S.*, No. 19-2557 (3d Cir. Aug. 17, 2020), and the Third Circuit has accordingly not yet issued a mandate that would allow the government to remove Saillant from the country.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

**STANDARD OF REVIEW**

A United States district court may issue a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

**DISCUSSION**

**A. Saillant's Motion to Transfer Is Denied**

The court will first address Saillant's motion to transfer.  Saillant's motion argues that the case should be transferred to the United States District Court for the Northern District of Alabama because he has been transferred to the Etowah County Detention Center in Gadsden, Alabama.  (Doc. 9 at 1.)  A search of ICE's Online Detainee Locator System confirms this fact.  *See Online Detainee Locator System*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://locator.ice .gov/odls/#/index (last visited Aug. 10, 2020).  Saillant argues that because he is now detained in the Northern District of Alabama, jurisdiction is proper in that district and this court no longer has jurisdiction over his petition.  (Doc. 9 at 1.)

Saillant's argument is incorrect under the Supreme Court's holdings in *Ex Parte Endo*, 322 U.S. 283 (1944), and *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Those cases hold that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction

who has legal authority to effectuate the [petitioner's] release." *Padilla*, 542 U.S. at 441 (citing *Endo*, 322 U.S. at 283).

In this case, Saillant was detained within this district when he first filed his petition and properly named as a respondent Angela Hoover ("Hoover"), the warden of the prison in which he was detained. (*See* Doc. 1 at 1.)[1] The court accordingly retains jurisdiction over Saillant's petition and can direct the petition "to any respondent within its jurisdiction who has legal authority to effectuate [Saillant's] release." *Padilla*, 542 U.S. at 441. Hoover no longer retains such legal authority because Saillant is no longer detained at the facility in which she serves as warden. Furthermore, although Saillant has been transferred to the Etowah County Detention Center, the court cannot direct the petition to the warden of that facility because the court would not have personal jurisdiction over that individual. Accordingly, the court will deny Saillant's motion to transfer, dismiss Hoover from this case, and direct his petition to Respondents Barr and Matthew Albence ("Albence"), who is currently the acting director of ICE.[2]

---

[1] Saillant additionally named as respondents Simona Flores ("Flores"), the Field Office Director for Enforcement and Removal Operations for ICE's Philadelphia field office; L. Francis Cissna ("Cissna"), who was then the Director of ICE; and William Barr ("Barr"), the United States Attorney General. (*Id.*) The court subsequently dismissed Respondents Flores, Cissna, and Barr as respondents, finding that Hoover was the only proper respondent as the warden of the facility in which Saillant was detained. (*See* Doc. 4 at 6.)

[2] As the current acting director of ICE, Albence is automatically substituted in place of Respondent Cissna. *See* Fed. R. Civ. P. 25(d).

### B. Saillant's Detention Has Not Become Unreasonably Prolonged

Because Saillant has been ordered removed from the United States, his detention is governed by 8 U.S.C. § 1231.  Under that statute, a detainee's detention is mandatory during a 90-day "removal period" following a final order of removal.  *Id.* § 1231(a)(2).  Once the detainee's 90-day removal period has expired, his detention is no longer mandatory, but is permitted in certain circumstances.  *Id.* § 1231.  The statute specifically provides that a detainee who has been convicted of a crime involving moral turpitude "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision" outlined in the statute.  *Id.* § 1231(a)(6).

Although § 1231 allows continued detention after the removal period has ended, a detainee who is detained beyond that point may be entitled to habeas corpus relief if his detention "exceeds a period reasonably necessary to secure [his] removal" and if his removal "is not reasonably foreseeable."  *Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001).  If the detainee's detention has continued for less than six months, however, it is presumptively reasonable.  *Id.* at 701; *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 226 (3d Cir. 2018).

In this case, Saillant's removal period began on April 7, 2020.  Saillant's detention has therefore moved beyond the statutorily mandated 90-day removal period, but he has been detained under § 1231 for less than six months.

Accordingly, the court finds that his detention has not become unreasonably prolonged under the standards set forth in *Zadvydas* and will deny his habeas corpus petition without prejudice on that basis.

CONCLUSION

For the foregoing reasons, Saillant's motion to transfer and petition for writ of habeas corpus are denied.  An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 21, 2020